**No. 25-8154**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRYANT KAZUYOSH IWAI,

Defendant-Appellant.

On Appeal From the United States District Court
for the District of Hawaii
Case No. 1:15-cr-00723-DKW

# BRIEF FOR APPELLEE

KENNETH M. SORENSON
United States Attorney
District of Hawaii
REBECCA A. PERLMUTTER
Assistant U.S. Attorney

# TABLE OF CONTENTS

Page


INTRODUCTION .... 1

JURISDICTION, TIMELINESS, AND CUSTODY STATUS .... 1

STATEMENT OF THE ISSUES .... 1

PERTINENT STATUTES .... 2

STATEMENT OF THE CASE .... 2

SUMMARY OF THE ARGUMENT .... 7

ARGUMENT .... 8

I. THE DISTRICT COURT PROPERLY DENIED IWAI'S COMPASSIONATE RELEASE MOTION BECAUSE HE FAILED TO DEMONSTRATE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES .... 8

CONCLUSION .... 15

ADDENDUM

# TABLE OF AUTHORITIES

Cases | Page(s)

*Dillon v. United States*,
560 U.S. 817 (2010) .......... 9

*Ring v. Arizona*,
536 U.S. 584 (2002) .......... 11

*Walton v. Arizona*,
497 U.S. 639 (1990) .......... 11

*United States v. Gorion*,
2022 WL 867764 (D. Haw. Mar. 23, 2022) .......... 14

*United States v. Kanohokula*,
572 F. Supp. 3d 895 (D. Haw. 2021) .......... 14

*United States v. Kazanowski*,
2020 WL 3578310 (D. Haw. July 1, 2020) .......... 13

*United States v. Keller*,
2 F.4th 1278 (9th Cir. 2021) .......... *passim*

*United States v. Ransom*,
859 F. App'x 58 (9th Cir. 2021) .......... 10, 12

*United States v. Sprague*,
135 F.3d 1301 (9th Cir. 1998) .......... 11

*United States v. Van Horn*,
2025 WL 1837329 (D. Idaho July 2, 2025) .......... 10

*United States v. Wright*,
46 F.4th 938 (9th Cir. 2022) .......... 11, 12

*Walton v. Arizona*,
497 U.S. 639 (1990) .......... 11

Statutes and Rules

18 U.S.C. § 924 .......... 3

18 U.S.C. § 3231 .......... 1

18 U.S.C. § 3553 ........ 11
18 U.S.C. § 3582 ........ *passim*
18 U.S.C. § 3742 ........ 1
21 U.S.C. § 841 ........ 2
21 U.S.C. § 846 ........ 2
28 U.S.C. § 1291 ........ 1
28 U.S.C. § 2255 ........ 3
C.F.R. § 571.63 ........ 11
U.S.S.G. § 1B1.13 ........ 10, 11

## INTRODUCTION

Appellant Bryant Kazuyosh Iwai has filed multiple post-conviction motions and appeals, including three motions for compassionate release. This appeal stems from the district court's denial of his most recent motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to his failure to show that he exhausted his administrative remedies.

## JURISDICTION, TIMELINESS, AND CUSTODY STATUS

The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Iwai's notice of appeal was received by the district court clerk and docketed on December 29, 2025. SER-158 (Dkt. No. 264).[1]

Iwai is 54 years old and incarcerated at the Rochester FMC. His projected release date is January 22, 2030.

## STATEMENT OF THE ISSUE

Whether the district court abused its discretion in denying Iwai's motion for compassionate release because he failed to exhaust his

[1] References to criminal docket entries in the related district court case, 15-cr-00723-DKW (D. Haw.), use "Dkt. No." References to Court of Appeals docket entries in the instant case use "CA Dkt. No."

administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), where he neither administratively appealed the prison warden's denials nor presented the grounds raised in his motion to the prison warden.

## PERTINENT STATUTES

See Addendum.

## STATEMENT OF THE CASE

Iwai is serving a 196-month prison term for trafficking over eight kilograms of methamphetamine and possessing a firearm in furtherance of that crime. On August 5, 2015, Iwai retrieved a parcel that was part of a law enforcement drug operation involving a controlled delivery. PSR ¶¶ 21-25. Investigators searched Iwai's residence and recovered a loaded gun along with methamphetamine. *Id.* Iwai waived his *Miranda* rights and agreed to speak to investigators. *Id.* ¶ 27. He admitted to drug trafficking and that the loaded firearm recovered from his residence belonged to him for the purpose of protection related to his drug trafficking. *Id.* ¶¶ 27-29.

On August 30, 2016, Iwai pleaded guilty to two counts: conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). PSR ¶¶ 4-6. In total, the parties agreed that Iwai was responsible for not less than 8,610.8 grams of actual methamphetamine. *Id*. ¶ 10.

On January 18, 2018, the district court sentenced Iwai to 196 months' imprisonment, followed by 5 years of supervised release. SER-142 (Dkt. No. 159). In sentencing Iwai, the district court noted significant aggravating factors, including the substantial quantity of drugs involved, the presence of a loaded firearm adjacent to his drugs, and Iwai's long history of drug use. SER-143 (Dkt. No. 166).

Besides other post-conviction pleadings,[2] Iwai has filed three motions for compassionate release. His first was filed on May 5, 2020. SER-146 (Dkt. No. 195). He argued his medical conditions coupled with the COVID-19 pandemic presented extraordinary and compelling circumstances justifying release. *Id.* The district court fully considered

---

[2] Iwai filed a petition under 28 U.S.C. § 2255 on August 8, 2022. SER (Dkt. No. 239). He argued each of his five attorneys was ineffective in various ways. Similar to Iwai's arguments in his underlying compassionate release motion, he also argued that his sentence was excessively long in violation of his constitutional rights and that the firearms charge was improper. *Id.* The district court denied Iwai's petition and denied a certificate of appealability. SER-154 (Dkt. No. 253).

and denied his motion on June 15, 2020. SER-146 (Dkt. No. 200). Iwai's second motion was filed on October 6, 2020, wherein he made similar arguments regarding his medical conditions and the COVID-19 pandemic. SER-147 (Dkt. No. 208). After another full round of briefing, the district court denied his second motion. SER-148 (Dkt. No. 216).

On August 26, 2025, Iwai filed his third compassionate release motion, which underlies the instant appeal. In the motion, Iwai argued for compassionate release because his sentence was too long: (1) his sentence was "grossly disproportionate to what would be imposed under current law"; (2) his original sentence was driven by a now disfavored guidelines view of actual methamphetamine; (3) he did not "use" a firearm in furtherance of a drug crime; and (4) his sentence was "unusually harsh." SER-72-81 (Dkt. No. 255 at 17-26).

In the motion, Iwai also asserted that he had exhausted his administrative remedies and provided records reflecting that he filed requests for compassionate release with the prison warden at the Bureau of Prisons ("BOP") on June 14, 2025, and July 7, 2025. *Id.* *See also* SER-47-55 (Dkt. No. 255-1). Those submissions to the BOP prison warden show that Iwai asserted he should receive compassionate

release because his parents were old and required his care and he suffered from continuing medical issues, though he acknowledged his conditions were "stabilized with self carry [sic] medicine for the last six years." *Id.* The warden denied both requests within 30 days—on July 3 and 14, 2025. *Id.* Iwai took no further action before filing his motion for compassionate release with the district court.

The government responded and opposed Iwai's compassionate release motion. The government argued that Iwai failed to exhaust his administrative remedies and did not show any extraordinary and compelling reasons for release. SER (Dkt. No. 261). Iwai submitted a reply that argued he had exhausted his remedies because he submitted a request to the warden that had been denied but provided no further justification. SER (Dkt. No. 262).

The district court then properly denied Iwai's motion because he failed to exhaust his administrative remedies. SER (Dkt. No. 263). The court explained that when the government timely objects, as it had done, exhaustion is mandatory before the court can reach the merits of a compassionate release motion. *Id.* The court found that Iwai failed to show that he appealed the warden's denials through the Administrative

Remedy Process and was required to do so for exhaustion. *Id.* The district court took its analysis a step further and found that "even if Iwai's petition to the warden *was* enough, he would have still failed to show exhaustion because the grounds for release in Iwai's administrative petitions and those in his current motion are not the same." *Id.*

Thereafter, Iwai filed his notice of appeal that was docketed on December 29, 2025. SER-156 (Dkt. No. 264); CA Dkt. No. 1. However, Iwai failed to timely pursue his opening brief despite several opportunities provided by this Court. His first deadline was February 23, 2026, which he failed to meet. CA Dkt. No. 3. His second deadline was May 26, 2026, which he again failed to meet. CA Dkt. No. 6. On June 29, 2026, this Court noted Iwai's failure to timely file and provided him another fourteen days to file with a motion to file a late brief or the appeal would be automatically dismissed for failure to prosecute. CA Dkt. No. 7. On July 20, 2026, Iwai filed his motion and opening brief with this Court. CA Dkt. Nos. 8, 9. Nevertheless, Iwai provided no good cause for his prior failures to file a timely opening brief. *See* CA Dkt. No. 8.

Iwai's opening brief argues the merits of his underlying compassionate release motion in substantial detail. OB at 14-24. He does not, however, make any attempt to challenge the district court's exhaustion ruling, which was the sole basis for denying his motion.

## SUMMARY OF THE ARGUMENT

Iwai appeals the district court's denial of his motion for compassionate release based on his failure to exhaust his administrative remedies before petitioning the district court for relief. Iwai argues only the merits of his compassionate release motion in his opening brief in asserting that his sentence should be reduced because, among other reasons, it was unusually long and grossly disproportionate to other defendants. Iwai does not address the substance of the district court's denial due to his failure to exhaust and has therefore abandoned that issue on appeal.

The district court found that Iwai failed to meet his burden to demonstrate that he exhausted his administrative remedies in light of the government's objection on this ground. Thus, the district court properly denied Iwai's motion because it was required to enforce the exhaustion requirement as a mandatory claims-processing rule. *See*

*United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). This Court should affirm the district court's denial of Iwai's compassionate release motion.

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DENIED IWAI'S COMPASSIONATE RELEASE MOTION BECAUSE HE FAILED TO DEMONSTRATE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

The district court was required to deny Iwai's compassionate release motion because he failed to demonstrate that he exhausted his administrative remedies. A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress provided an exception in 18 U.S.C. § 3582(c)(1)(A)(i), referred to as compassionate release. Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in certain limited situations. On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18

U.S.C. § 3582(c) to allow a defendant to request that the district court reduce his sentence through a motion for compassionate release.

Most relevant here, a district court may only reduce a sentence upon an inmate's motion if the inmate "has *fully exhausted* all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days have lapsed since the relevant warden received a request to do so. 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added); U.S.S.G. § 1B1.13 (policy statement). In *Keller*, this Court explained that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282 (explaining that it was "[j]oining the unanimous consensus of our sister circuits" on this issue). The "statutory command" of § 3582(c)(1)(A) is clear: "a court may not modify a term of imprisonment" unless the defendant has fully complied with the exhaustion requirement. *Id.* (citing 18 U.S.C. § 3582(c)). Thus, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). In other words, Iwai must either

have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or the lapse of "30 days" since the "'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *Keller*, 2 F.4th at 1281 (citing 18 U.S.C. § 3582(c)(1)(A)). *See also United States v. Van Horn*, 2025 WL 1837329, at *2 (D. Id., July 2, 2025) (finding defendant failed to exhaust when he did not appeal to the BOP regional director or BOP general counsel as required by 28 C.F.R. § 571.63(a)).

An inmate must also establish that "extraordinary and compelling reasons" warrant a reduction, that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief, and that the inmate is "not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a). However, if any one of these factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. A district court need not follow any sort of "sequential step-by-step analysis" in evaluating a compassionate release motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.*

The defendant bears the burden of establishing the requirements set forth above by a preponderance. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). This Court has explained that a reduction in a sentence based on extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A) is a "narrow" remedy and the decision to grant such relief is discretionary with the district court, and relief is not mandatory. *Wright*, 46 F.4th at 944-45.

A district court's denial of a compassionate release motion is reviewed for abuse of discretion. *See Keller*, 2 F.4th at 1281. "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (internal quotations and citations omitted).

Iwai could not proceed to the merits of his motion before the district court because he failed to show that he had exhausted his

administrative remedies, upon which the government had lodged a timely objection. *See Ransom*, 859 F. App'x at 59 ("[In *Keller*,] we made clear that a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust."). In agreeing with the government's opposition, the district court properly denied the motion and found that Iwai failed to exhaust in two ways.

First, Iwai did not appeal the prison warden's denials of his June and July 2025 submissions for compassionate release. Iwai presented no documentation to suggest that he took any steps beyond his submissions to the warden. He did not argue before the district court, and does not argue now, that he did in fact appeal the prison warden's denials administratively.

In denying Iwai's compassionate release submissions within 30 days, the BOP prison warden directed Iwai to file an appeal within the BOP if he disagreed with the outcome, but Iwai failed to take such action. SER-50 (Dkt. 255-1, PageID#2201) (including an address of where to direct the appeal and date within which to file). Iwai had redress available to him through the BOP's "Administrative Remedy

Procedure," which he was required to seek through the agency to fully exhaust. *See, e.g.*, *United States v. Kazanowski*, 2020 WL 3578310, at *4 (D. Haw. July 1, 2020). The plain language of the statute is clear regarding the exhaustion requirement: Iwai cannot bypass the administrative appeal process and proceed directly with the district court. Iwai's failure to follow BOP administrative procedures before petitioning the district court for compassionate release precludes consideration of the merits of his motion.

Second, Iwai failed to exhaust properly because his compassionate release motion before the district court relied on grounds different than those he provided to the prison warden. Iwai cannot file a motion before the district court on grounds entirely different from those he submitted to the prison warden at BOP. *See United States v. Kanohokula*, 572 F. Supp. 3d 895, 900-01 (D. Haw. 2021) (citing cases). At a preliminary administrative level of review, the BOP must be given a chance to consider the grounds for compassionate release that Iwai has presented to the district court. Iwai failed to do so here and thus failed to exhaust. *See Keller*, 2 F.4th at 1283 (noting defendant failed to exhaust because the grounds in his motion were not in the request to

the warden, among other reasons); *United States v. Gorion*, 2022 WL 867764, at *3 (D. Haw., Mar. 23, 2022) ("To properly exhaust under § 3582(c)(1)(A), an inmate is required to present the same or similar ground for compassionate release in a request to the [BOP] as in a motion to the court." (internal quotations and alterations omitted)).

Iwai's June 14, 2025, email to the BOP prison warden states only "I would like to make a request for compassionate release." SER-48 (Dkt. No. 255-1, PageID#2199). He failed to specify any grounds in that request. Iwai's July 7, 2025, BOP submission email includes the subject line "grounds for CR." SER-53 (Dkt. No. 255-1, PageID#2204). In his email, Iwai requested compassionate release on only two grounds: (1) to take care of his parents who "are of an advanced age in life" and (2) because he "suffer[s] from Type 2 Diabetes" and other medical conditions. *Id.* Further, in that submission, he acknowledged his medical conditions had "been stabilized with self carry [sic] medication for the last six years." *Id.* In his request, he also claimed that he has completed various BOP programs and is classified as a "low recidivism inmate." *Id.* The BOP's denials of his requests were on the bases he specified—for example, the denial states that "you do not meet the

criteria under 'Debilitated Medical Condition' at this time." SER-54 (Dkt. No. 255-1, at PageID#2205).

In the underlying compassionate release motion before the district court, Iwai failed to mention his medical conditions or his parents' advanced age as a basis for release.[3] Instead, all of Iwai's arguments focused on the length of his sentence. Thus, the district court did not reach the merits of Iwai's compassionate relief claims because Iwai failed to exhaust on multiple grounds.

## CONCLUSION

For the foregoing reasons, the district court properly denied Iwai's motion for compassionate release because he failed to demonstrate that he fully exhausted his administrative remedies. Accordingly, the district court's denial should be affirmed.

[3] Though not part of this Court's evaluation of the district court's denial based on Iwai's failure to exhaust, even if Iwai filed a compassionate release motion on the grounds he claimed in his BOP submission, he would fail to establish extraordinary or compelling circumstances justifying release or a reduction in sentence.

Respectfully submitted,

KENNETH M. SORENSON
*United States Attorney*

*/s/ Rebecca A. Perlmutter*
REBECCA A. PERLMUTTER
*Assistant United States Attorney*

SEPTEMBER 30, 2026, Honolulu, Hawaii.

# ADDENDUM

**18 U.S.C. § 3582(c)(1)(A):**

**(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . .

**U.S.S.G. § 1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement):**

(a) In General.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)

(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

(b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—>

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or

mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.—

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "***immediate family member***" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on Changes in Law.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in

the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

(d) Rehabilitation of the Defendant.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

(e) Foreseeability of Extraordinary and Compelling Reasons.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-8154

I am the attorney or self-represented party.

**This brief contains** 2,941 **words,** including [ ] words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
- [ ] it is a joint brief submitted by separately represented parties.
- [ ] a party or parties are filing a single brief in response to multiple briefs.
- [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [ ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Rebecca Perlmutter **Date** 9/30/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 25-8154

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

FMC ROCHESTER
ATTN: BRYANT KAZUYOSH IWAI
REG. NO. 07832-122
INMATE MAIL/PARCELS
P.O. BOX 4000
ROCHESTER, MN 55903

**Description of Document(s)** *(required for all documents)*:

Brief for Appellee

**Signature** s/ Rebecca Perlmutter **Date** Sep 30, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*